Tayior, Chief-Justice.-
On the first question arising on the motion for a new trial, as to the competency of Jones, the decision of the Superior Court was in conformity tw the principles of the Common Law, and the long established course of practice in this State. In deciding upon the competency of a witness, the Court can exclude him, only after conviction of an infamous offence, or for direct interest in the event of the cause. The confession of guilty, simply, without a conviction, is not sufficient to render a man legally infamous j for a copy of the judgment, as well as the conviction, must be produced, and therefore the testimony of an avowed accomplice may, in all cases, be taken, even though an indictment has been found against him, for the offence respecting which his evidence is admitted. (Hawkins B. 2, c. 46, sec. 94). Allowing the partakers in the crime to convict their companions in guilt, was introduced in the room oí the old custom, by which lhe.y were allowed to become approvers. In that the Court exercised ?. du~ *366 crefionary power whether to admit them or not; but they are bound to admit accomplices, even though they have received a promise of pardon, or are entitled by some statute, to claim a reward on the prisoner’s conviction. (Wills 425. Hawkins, B. 2. c. 46. 4 Black. Com. 330). The accomplice may entertain a hope of pardon, if he make a free disclosure, and therefore he. must have some interest in the conviction of the offender. This may affect his credit with the Jury, but docs not take away his competency. It is now settled, that his evidence may bo left to the Jury, who, if they believe him, may convict the prisoner.
With respect lo requiring proof of the pretended bills of sale by a subscribing witness, that was impossible to be effected, for Kenedy put his own name as one witness, and signed the name of two other persons, before there was any signature by a feigned vendor. They were introduced as forgeries incapable of being proved as genuine instruments, and offered only to shew the probability of Jones’s evidence.
The first reason in arrest of judgment is, that the record does not show that the Superior Court of Lincoln appointed a foreman to the Grand Jury. To this objection, the record furnishes an answer, that there was a foreman to the Grand Jury, as appears, both from the list of their names and his endorsement upon the bill of indictment, and be could be appointed only by the Court; and as it is further stated, that the Grand Jury was im-panuelied, sworn and charged, we cannot be ignorant, that the Court had prev iously appointed a foreman. So with respect to the objection, that the prisoner made no motion to remove the case from Lincoln: the prisoner made, a strong affidavit for the removal, and it was ordered by the Court. — On all the grounds, I think the conviction is right.
Per Curiam. — Judgment affirmed.